The opinion of the Court, was delivered by
Hornblower, C. J.
The only question raised upon the argument of this cause, was whether the defendant was not entitled to a notice to quit. The facts as they appear upon the bill of exceptions, are these :
The premises in question belong to Louisa Cheeseman, the lessor of the plaintiff. She was a daughter of John Clark, dec. *2 and became entitled to the property as one of his heirs at law. She afterwards married Cheeseman ; and in the year 1828, the defendant took possession under an agreement between him and Cheeseman and wife, for an exchange of property. Cheeseman died in 1833, leaving the defendant in possession, under the said agreement; but there was no evidence that any deeds of exchange had ever been executed, or that Cheeseman and his wife had ever taken possession of any property of the defendant’s, in exchange fpr the premises in question. Upon this state of facts, the plaintiff rested; and the judge having overruled a motion foranonsuit, a bill of exceptions was taken to his opinion.
It was insisted by the counsel for the defendant, that the defendant having entered under an agreement with the lessor of the plaintiff and her husband, and not as a trespasser, he was entitled, upon the authority, and the principles settled by this court, in the case of Den v. Drake, 2 Green’s R. 523, to six months’ notice to quit, before he could be sued by ejectment. But this is a mistake. The case does not fall within the principles settledjn Den v. Drake. The’ title to the land, was in the lessor of the plaintiff, not in her husband, and he had no control over it beyond his own life-time. Her assent to the exchange, or to the possession of the defendant, so long as she did not manifest that assent, by executing and acknowledging a deed, in such way as to pass her estate, was utterly inefficient and void, 4 Bl. Coin. 444. If her husband had made an absolute conveyance of the property, in which she did not join, she might have entered immediately, after his death. Nay, if she had been a party to the deed and had signed and sealed it, but had-not acknowledged it in the manner prescribed by statute, her rights would have remained unimpaired, and she might immediately upon the death of her husband, and without notice, have entered upon the tenant. Such deed as against her, would have been viterly void, and not merely voidable, 4 Cruise Dig. 20, sec. 22; Reeves on dom. rel. 121; Den v. De Peyster et al. 8 Cowen R. 277. So if husband and wife join in a lease, by deed, of the wife’s lands, yet, upon the death of the husband, she may bring trespass; and though in such case, she may, by accepting rent, after the coverture has ceased, establish the lease; Reeves dom. rel. 123; yet if the lease was by parol, her subsequent acceptance of rent would *3 not confirm it, 4 Bac. Abr. Tit. Lease, C. page 14; Woodf. Land, end Ten. 76. The defendant therefore, in this case, never was the tenant of the lessor of the plaintiff in any possible sense, and consequently not entitled, as against her, to any notice to quit. Judgment must therefore be affirmed, with costs.

Judgment affirmed.